UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ARNOLD WYKOFF ET AL**                    **CASE NO.  2:23-CV-00467**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**      **MAGISTRATE JUDGE KAY**

**MEMORANDUM RULING**

Before the court is a Motion for Judgment on the Pleadings [doc. 10] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiffs' claims as prescribed. Plaintiffs oppose the motion. Doc. 12.

**I.**
**BACKGROUND**

This suit arises from alleged damage to plaintiffs' home in Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which made landfall on October 9, 2020. At all relevant times the home was insured under a policy issued by defendant. Plaintiffs filed suit against defendant on March 7, 2023, in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. Doc. 1, att. 1. There they raised claims for breach of insurance contract and bad faith under Louisiana law. State Farm removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and filed an answer. Docs. 1, 7. It now moves to dismiss the suit, arguing that plaintiffs' claims have prescribed under the two-year prescriptive period set forth in the policy. Doc. 10. Plaintiffs oppose the motion. Doc. 12.

**II.**
**LAW & APPLICATION**

### A.  Legal Standards

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the pleadings are closed but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The court limits its inquiry to the complaint, documents attached to or incorporated into the complaint, and documents referenced in the complaint that are central to the plaintiff's claims. *Coalition for an Airline Passengers' Bill of Rights v. Delta Air Lines, Inc.*, 693 F.Supp.2d 667, 675–76 (S.D. Tex. 2010) (citing *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

A Rule 12(c) motion is decided based on the same standards as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Accordingly, the court "accept[s] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "[T]he plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court 's task is not to evaluate the plaintiff's likelihood of success but instead

to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019).

Under Louisiana law, parties may shorten a prescriptive period by contract. *E.g.*, *La. Health Serv. & Indem. Co. v. McNamara*, 561 So.2d 712, 719 (La. 1990). Such an agreement is valid as long as it does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. 22:868(B).

Here the policy provides, in relevant part:

> **Suits Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage.

Doc. 10, att. 4, p. 44 (emphasis in original). This limitations period is valid as to the contract claims under Louisiana law. As the Louisiana Supreme Court observed in *Smith*, however, bad faith claims are personal claims arising "the contractual **and** fiduciary relationship" between the parties. 285 So.3d at 1069 (emphasis added). They are thus subject to a ten-year prescriptive period that is not modified by limitations within the contract itself. *Accord My Investments, LLC v. Liberty Surplus Ins. Corp.*, 2021 WL 4844739 (La. Ct. App. 1st Cir. 2021). Accordingly, plaintiffs' bad faith claims were filed within the prescriptive period and the motion will be denied as to those claims.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings [doc. 10] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of October, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**